**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Jean Moore, | No. CV-25-00299-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Wayne E Yehling, | |
| Defendant. | |

Pending before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed by Defendant, the Honorable Wayne E. Yehling ("Judge Yehling"), on July 24, 2025. (Doc. 8.) Plaintiff filed a response to the Motion on August 8, 2025, and Defendant timely replied. (Docs. 9, 10.) For the reasons stated below, the Court will grant Defendant's Motion to Dismiss, deny leave to amend, and terminate this action with prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 16, 2025, Plaintiff Barbara Jean Moore filed a Complaint against Judge Yehling, in his official capacity as a judge of the Arizona Superior Court for Pima County, seeking declaratory and injunctive relief under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff alleges she is the subject of an ongoing conservatorship proceeding in Pima County Superior Court in which she demanded a jury trial to determine whether a conservatorship was necessary. (*Id.* ¶¶ 1–5.) The Superior Court denied her request, holding that Arizona law does not provide a right to a jury trial in conservatorship proceedings. (*Id.* ¶¶ 7–10.) The Arizona

Court of Appeals and Arizona Supreme Court denied Plaintiff's subsequent requests for relief, leaving the Superior Court's ruling in place. (*Id.* ¶¶ 16–18.) Plaintiff now seeks federal intervention, alleging that without it she will be deprived of her constitutional rights in the pending state proceeding. (*Id.* ¶ 21.)

Plaintiff contends that the denial of a jury trial violates both statutory and constitutional protections. (*Id.* at 3–4.) She asserts that Arizona Revised Statutes §§ 14-5405(C), 14-5111(A)(2)(a), and 14-5407(E) recognize a jury trial right in conservatorship proceedings, but that Judge Yehling and the Arizona courts have interpreted those provisions to foreclose such trials. (*Id.* ¶¶ 11–15.) Plaintiff further alleges that because Arizona law permits jury trials in guardianship proceedings but not in conservatorship proceedings, the statutory scheme denies her equal protection under the Fourteenth Amendment. (*Id.* ¶¶ 28–30.) She seeks declaratory and injunctive relief prohibiting Judge Yehling from proceeding with her conservatorship case absent a jury trial. (*Id.* at 6–7.)

In the pending motion to dismiss, Judge Yehling argues that the Court should dismiss Plaintiff's Complaint because there is no case or controversy between Plaintiff and a state judge presiding over her probate matter, the Eleventh Amendment and judicial immunity bar Plaintiff's claims, and due process does not guarantee a jury trial in civil conservatorship proceedings. (Doc. 8.) The motion is fully briefed. (Docs. 8, 9, 10.)

## APPLICABLE LAW

**1. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) allows a defendant to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When considering a motion to dismiss for lack of subject matter jurisdiction, the Court takes as true the material facts alleged in the complaint. *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). But the Court is not restricted to the face of the pleadings; it may consider affidavits to resolve any factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citation omitted); *see Biotics Rsch. Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983)

(consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment). If a defendant files a Rule 12(b)(1) motion attacking the existence of subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

**2. Motion to Dismiss for Failure to State a Claim**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations and internal quotation marks omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 569. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When assessing the sufficiency of the complaint, all well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018), and all reasonable inferences are to be drawn in favor of that party as well. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

//
//
//

**DISCUSSION**

Defendant first argues that this Court lacks subject matter jurisdiction because there is no case or controversy between Plaintiff and a state judge acting in his judicial capacity. (Doc. 8.) Defendant further contends that the Eleventh Amendment and judicial immunity bar Plaintiff's claims, as judges are not proper defendants in federal lawsuits challenging the constitutionality of state law. (*Id.*) Defendant also maintains that Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) because the Due Process Clause does not guarantee a jury trial in civil conservatorship proceedings, Plaintiff has not alleged a cognizable Equal Protection violation, and the governing Arizona statutes do not create a federal right to a jury trial. (*Id.*)

In her Response, Plaintiff argues that her claims fall within the *Ex parte Young*, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity, and that, under *Pulliam v. Allen*, 466 U.S. 522 (1984), prospective relief may be sought against unconstitutional judicial conduct. (Doc. 9.)

In his Reply, Defendant emphasizes that Congress amended § 1983 in 1996 to bar injunctive relief against judges absent narrow exceptions, and that under *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021), no case or controversy exists between a judge and a litigant challenging state law. (Doc. 10.)

For the reasons stated below, the Court concludes that it lacks subject matter jurisdiction and that, even if jurisdiction existed, Plaintiff has failed to state a claim upon which relief may be granted.

**1. Subject Matter Jurisdiction**

**A. There is no case or controversy between Plaintiff and Defendant.**

Article III limits federal jurisdiction to "actual controversies arising between adverse litigants." *Whole Woman's Health*, 595 U.S. at 39 (quoting *Muskrat v. U.S.*, 219 U.S. 346, 361 (1911)). Judges, however, are not adversaries in the cases before them; they are neutral arbiters charged with resolving disputes between the true litigants. *Id.* at 40 ("Judges exist to resolve controversies about a law's meaning or its conformance to the

Federal and State Constitutions, not to wage battle as contestants in the parties' litigation."). Thus, "no case or controversy exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute." *Id.* (quoting *Pulliam*, 466 U.S. at 538, n.18 (1984)) (internal quotation marks omitted).

Here, Judge Yehling presides over Plaintiff's probate matter in his capacity as a state-court judge. Plaintiff's disagreement with the Superior Court's interpretation of Arizona law does not create the adversarial posture required for Article III jurisdiction. Judge Yehling neither enacted nor enforced the challenged statute; he merely applied it in his judicial role. *Grant v. Johnson*, 15 F.3d 146, 148 (9th Cir. 1994) (holding that "judges adjudicating cases pursuant to state statutes may not be sued under § 1983 in a suit challenging the state law."); *see also Wolfe v. Strankman*, 392 F.3d 358, 365 (9th Cir. 2004) ("Since there was no doubt that the judge acted in an adjudicative capacity by appointing a guardian for the plaintiff upon the application of a third party, we held he was not a proper defendant." (internal quotations omitted)). The Constitution does not permit a litigant to convert a judge into an opposing party simply by disagreeing with a ruling. *See Whole Woman's Health*, 595 U.S. at 39–40; *Ex parte Young*, 209 U.S. at 163 (1908).

Because Plaintiff's allegations do not establish a justiciable case or controversy under Article III, this Court lacks subject matter jurisdiction.

### B. Plaintiff's Claims are Barred by the Eleventh Amendment and Judicial Immunity.

Even if Article III's requirements were satisfied, Plaintiff's claims cannot proceed because they are barred by both the Eleventh Amendment and judicial immunity.

The Eleventh Amendment shields states from suit in federal court unless Congress abrogates immunity or the state consents. *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008). When the state is "the real, substantial party in interest," Eleventh Amendment immunity extends to "suit[s] against state officials." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quotations omitted). *Ex parte Young* provides a narrow exception to Eleventh Amendment immunity for suits "seeking

prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) (citing *Ex parte Young*, 209 U.S. 123). But this exception does not apply to judges acting as adjudicators because they "do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Whole Woman's Health*, 595 at 40. As stated in *Ex parte Young*, "an injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our Government." *Id.* at 39. Thus, Plaintiff's claims against Judge Yehling fail under *Ex parte Young*.

Judicial immunity independently forecloses Plaintiff's claims. Judges are absolutely immune from suits for damages, declaratory relief, and injunctive relief arising from judicial acts performed in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (judicial immunity attaches so long as acts are judicial in nature and not taken in the "clear absence of all jurisdiction"); *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996) (judicial immunity extends to declaratory, injunctive, and other equitable relief), superseded by statute on other grounds. Judicial immunity does not extend to "the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester v. White*, 484 U.S. 219, 227 (1988). But Plaintiff alleges no such conduct here. Instead, her claims arise entirely from Judge Yehling's ruling in Plaintiff's pending conservatorship case.

Courts apply four factors to determine if an act is judicial in nature: (1) whether the act is a normal judicial function; (2) whether it occurred in the judge's chambers or courtroom; (3) whether the controversy centered around a case then pending before the judge; and (4) whether the events arose directly and immediately out of a confrontation with the judge in his official capacity. *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021). Each factor confirms the judicial nature of the acts challenged here. First, deciding whether a conservatorship proceeding entitles a party to a jury trial is a quintessential judicial function. Second, the ruling was issued in Judge Yehling's official capacity as a Superior

Court judge.[1] Third, the controversy arose in the context of a pending conservatorship case. Fourth, the acts at issue flowed directly from Judge Yehling's role presiding over that case.

Because the challenged conduct is judicial, immunity attaches. Judicial immunity applies even when a litigant believes the ruling was "erroneous, malicious, or in excess of authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). The proper remedy for an allegedly erroneous state-court ruling is an appeal, not an injunction in federal court. *See Whole Woman's Health*, 595 U.S. at 39 ("If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to [the Supreme Court], not the entry of an ex ante injunction preventing the state court from hearing cases.").

Accordingly, Plaintiff's claims against Judge Yehling are barred both by the Eleventh Amendment and by judicial immunity and must be dismissed.

**2. Failure to State a Claim**

**A. Plaintiff fails to state a Due Process claim.**

The Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a due process claim, a plaintiff must plausibly allege both: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). At a minimum, due process requires that "a person deprived of property be given an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Plaintiff alleges that the denial of a jury trial in her conservatorship proceeding violates due process because conservatorships implicate significant property rights. (Doc. 1 ¶¶ 7–15, 22–26.) This argument fails as a matter of law. Federal courts have long held

---

[1] Plaintiff names Judge Yehling, but the complaint itself challenges a ruling entered by another judge of the Arizona Superior Court in her conservatorship proceeding. (Doc. 8 at 4 n.1.) This discrepancy does not alter the analysis. Whether issued by Judge Yehling or another Superior Court judge, the challenged conduct—ruling on a jury trial request in a pending case—is a quintessential judicial act shielded by absolute immunity.

that due process does not guarantee a right to a jury trial in civil cases. *See*, *e.g.*, *McKeiver v. Pennsylvania*, 403 U.S. 528, 543 (1971) (explaining that jury trial not a required element of fundamental fairness under due process, citing probate, equity, and workers' compensation proceedings as examples); *Dohany v. Rogers*, 281 U.S. 362, 369 (1930) ("The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. Under it he may neither claim a right to trial by jury nor a right of appeal."); *R.J. Reynolds Tobacco Co. v. Shewry*, 423 F.3d 906, 924 (9th Cir. 2005) (The "Seventh Amendment's guarantee of the right to a civil trial by jury does not apply to the states and was not incorporated into the Fourteenth Amendment."); *Atlas Roofing Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 460 (1977) ("[T]he Seventh Amendment was never intended to establish the jury as the exclusive mechanism for factfinding in civil cases."). Due process requires a fair hearing, not a jury in every civil matter.

Arizona law is equally clear. The Arizona Constitution preserves the right to a jury trial only in cases where it would have existed under the common law prior to statehood. *In re Est. of Newman*, 219 Ariz. 260, 272 ¶ 45 (Ct. App. 2008), *as amended* (July 17, 2008). Conservatorships, like probate, were historically resolved in equity, and Arizona courts have repeatedly held there is "no constitutional right in Arizona for a jury trial of claims that would have been considered equitable at the time Arizona's constitution was adopted." *Id.* at 273–74 ¶ 55; *see also Davis v. First Nat. Bank*, 26 Ariz. 621, 626 (1924) (equity jurisdiction does not carry a jury right). By statute, jury trials in probate are available only when constitutionally required, and otherwise, any jury is advisory. *In re Est. of Newman*, 219 Ariz. at 272 ¶ 44; A.R.S. § 14-1306(B).

Arizona courts have also squarely rejected due process challenges based on the absence of a jury in conservatorship or probate matters. *See In re Guardianship of Sommer*, No. 2 CA-CV 2016-0111-FC, 2017 WL 1422479, at *4–5 (Ariz. Ct. App. Apr. 13, 2017) (bench trial with evidentiary hearing and counsel satisfies due process); *In re Est. of Renfrow*, No. 1 CA-CV 12-0081, 2013 WL 1932833, at *2–5 (Ariz. Ct. App. May 9, 2013)

(no jury right for probate-related fiduciary claims). These cases confirm that the opportunity to be heard before a judge is sufficient to satisfy due process in conservatorship proceedings.

Here, Plaintiff does not allege that she was denied notice of her conservatorship proceeding, the right to counsel, or the opportunity to present evidence. Her sole complaint is that the proceeding was before a judge rather than a jury. That allegation does not amount to a denial of due process. Because neither federal nor Arizona law provides a jury right in conservatorship proceedings, Plaintiff fails to state a cognizable due process claim.

### B. Plaintiff fails to state an Equal Protection claim.

The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a claim, a plaintiff must plausibly allege that she was treated differently from others who are similarly situated, and that the unequal treatment lacked a rational relationship to a legitimate governmental purpose. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff does not allege that she is part of a suspect class, nor does she identify a fundamental right at stake. The Seventh Amendment jury trial right is not incorporated against the states. *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217–18 (1916). Accordingly, Plaintiff's claim is subject to rational-basis review. *Heller v. Doe by Doe*, 509 U.S. 312, 319–20 (1993). Under this standard, legislative classifications are presumed valid and must be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.*

Plaintiff asserts that Arizona law violates equal protection because it "treats protected persons in conservatorship proceedings differently from those in guardianship proceedings." (Doc. 9 at 12–13.) But the two proceedings are not similarly situated. Guardianships directly implicate liberty interests—such as where a ward may live and whom they may associate with—while conservatorships concern the management of property and finances. *Harrison v. Laveen*, 67 Ariz. 337, 347–48 (1948) (describing

essential features of guardianship); A.R.S. § 14-5401 (conservatorship as a protective proceeding over an individual's estate).

Courts have repeatedly upheld legislatures' discretion to structure probate and conservatorship procedures without jury trials. *See*, *e.g.*, *Conservatorship of Roulet*, 23 Cal. 3d 219, 230–31 (1979) (recognizing state interests in specialized conservatorship procedures); *see also United States v. Sahhar*, 917 F.2d 1197, 1207 (9th Cir. 1990) (bench trials in civil commitment satisfy equal protection and due process); *Crowell v. Jejna*, 215 Ariz. 534, 538 (Ct. App. 2007) (no state constitutional right to jury in probate).

Plaintiff does not identify a comparator group of similarly situated individuals who receive jury trials, nor does she allege facts negating every conceivable rational basis for Arizona's distinction. Instead, her claim rests on the incorrect premise that all civil litigants are entitled to a jury trial. *See McDonald v. City of Chicago*, 561 U.S. 742, 767 n.14 (2010) (distinguishing civil jury trial rights from fundamental rights incorporated through the Fourteenth Amendment). Because Plaintiff fails to allege disparate treatment of a similarly situated group or the absence of a rational basis for Arizona's statutory scheme, she has not stated a plausible equal protection claim.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)). A district court may dismiss without leave to amend "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Id.* (quoting *Chaset v. Fleer/Skybox Int'l*, LP, 300 F.3d 1083, 1088 (9th Cir. 2002)).

//
//
//

Here, the dismissal is based on lack of subject matter jurisdiction and failure to state a claim. Because no additional facts could cure these legal deficiencies, the Court concludes granting leave to amend would be futile. *Gardner*, 563 F.3d at 990. Accordingly, this action will be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED THAT**:

1. Defendant's Motion to Dismiss Case (Doc. 8) is **granted**.
2. This matter is **dismissed with prejudice**. The Clerk of Court is directed to close this matter.

Dated this 6th day of October, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge